HERSEY, Judge.
This appeal raises the question of the propriety of an order assessing attorney’s fee^ and costs against appellant as a sanction for his failure to appear for deposition after notice.
It is clear that assessment of costs and attorneys’ fees against a party who fails to appear for the taking of his deposition after being served with a proper notice is appropriate “unless the court finds that the failure was justified....”, Fla.R.Civ.P. 1.380(d).
Whether justification is shown by the facts of this case is the issue on appeal.
Appellant, a party to this litigation, lived in North Carolina. Appellees obtained an order dated September 12, 1980, appointing a commissioner to take appellant’s deposition in Charlotte, North Carolina. On September 16, 1980, appellees mailed to all counsel of record a notice indicating that appellant’s deposition was to be taken on October 3, Í980. Thereafter appellees appeared ex parte before the court and obtained an order dated September 18, 1980, requiring appellant to appear for the taking of his deposition “at a time reasonably agreed upon by counsel.”
According to a recital in appellees’ Motion to Compel and Impose Sanctions:
This court previously entered an order requiring him to appear in his home county at a reasonable time; the plaintiff’s attorney, along with several other attorneys, travelled from South Florida to Charlotte, North Carolina at the appointed and scheduled time, and Mr. Bias failed to appear.
The court, after hearing, entered an order which included the following:
1. The Notice to Impose Sanctions as to attorney’s fees and costs re the aborted deposition of defendant, Steve Bias, is granted to the extent that each party making an appearance at said scheduled deposition shall recover one-half of attorneys fees and costs incurred as a result of making the appearance.
Implicit in the court’s holding is a finding that counsel were equally at fault.
Appellant’s position is that the order of September 18, 1980, established that the deposition would be taken only after agreement of counsel, thereby superceding the prior notice setting a date, time and place. We agree. Appellant was entitled to rely on the court order and to consider the earlier notice cancelled. Under the circumstances it was an abuse of discretion to impose sanctions. We therefore vacate that portion of the order doing so and remand the cause for further proceedings.
REVERSED AND REMANDED.
DOWNEY and MOORE, JJ., concur.